From the statement of the case furnished by the record, it is necessary to ascertain what are the legal rights of the parties.
It appears that the note on which the suit is brought was executed 9 January, 1821, payable on demand; that it was deposited with Sherwood Haywood's agent, 27 November, 1828, and that it was assigned to Sherwood after 1 July, 1829. At that time Sherwood Haywood first acquired the legal title to it, and as the note was payable many (236) years before that time, he could only acquire by the assignment such legal rights against McNair as Barnes himself could enforce against him. This leads to the inquiry, what were the rights of McNair against Barnes, or in other words what defense could McNair set up to a suit brought on the note by Barnes?
It appears that before the assignment was made to Haywood McNair had paid Barnes, upon a judgment obtained against Barnes and himself as surety for Barnes, the sum of $1,839, besides interest. There was certainly nothing to prevent him from pleading that as a set-off to a suit brought on the note against him by Barnes, consequently as Haywood succeeded only to Barnes' rights he may make the same defense to an action brought on the note by him as assignee of Barnes.
But it has been relied upon in argument for the plaintiff that circumstances have occurred which throw this case out of its ordinary legal channel. It appears that Sherwood Haywood and the defendant had a *Page 201 
conversation in the month of May in which the defendant remarked that "Mr. Jackson had a demand upon the estate of plaintiff's intestate of about the amount of the bond, and as he had it to pay, or if he had it to pay, he would prefer making a settlement with Jackson," and asked that an arrangement of this kind might be made, which was agreed to. The defendant further requested, if it could be done, that Barnes should be induced to take up the bond by substituting one on some other person, saying that if he could get it back into his hands he would have a set-off as against him. Now I think it makes no difference whether in this conversation the defendant said, as he had it to pay, or if he had it to pay. Be it either, he only showed an ignorance of the law of his case. It certainly did not amount to a promise or a new contract. In the conversation the defendant manifested a disposition to avail himself of his set-off against Barnes. His mistake was that he did not know he could do so against the plaintiff.
Another circumstance may be here noticed, which (if it has any effect) certainly militates against the plaintiff's claim. When the note was deposited with the plaintiff's agent, Barnes requested him to keep it concealed from the defendant. He did so until the (237) following April, when application was made for payment, and the defendant refused to pay it. The day after the note was pledged the defendant became Barnes' surety for the money, which the case states he has since paid off. Now had the defendant known that Barnes had parted with his note he might less readily have entered into that suretyship.
I see no grounds on which the plaintiff is entitled to recover, and I think the rule for a new trial should be made absolute.
PER CURIAM. Judgment reversed.
Cited: S. c., 19 N.C. 284; Turner v. Beggarly, 33 N.C. 334; Whartonv. Hopkins, ibid., 506; Capel v: Long, 84 N.C. 19.